IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00575-PAB-MJW

JULIE ANN MEADE, Administrator, Uniform Consumer Credit Code,

Plaintiff,

v.

MARLETTE FUNDING LLC d/b/a BEST EGG,

Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Docket No. 25] filed by Julie Ann Meade, Colorado's Administrator of its Uniform Consumer Credit Code. Defendant Marlette Funding LLC states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 based on complete federal preemption. Docket No. 1 at 2, ¶ 2. Plaintiff filed a motion to remand on the ground that she alleges only state law causes of action and complete preemption does not apply to her claims against defendant. Docket No. 25 at 2-3.

## I. BACKGROUND

Plaintiff is the Colorado state official charged by law with enforcing Colorado's Uniform Consumer Credit Code ("UCCC"). Colo. Rev. Stat. § 5-6-104(1)(g). In her official capacity, plaintiff can bring civil actions against creditors to enforce the UCCC's provisions. Colo. Rev. Stat. § 5-6-114.

Defendant, which does business under the name "Best Egg," is a Delaware limited liability company that is licensed by plaintiff as a Colorado supervised lender. Docket No. 5 at 2, ¶¶ 2-3. Defendant markets loans to Colorado consumers through a website and by mailings. *Id*. at 2-3, ¶¶ 7, 14. The loans are made in partnership with Cross River Bank, a New Jersey state-chartered bank. *Id*. at 4, ¶ 24. The loan agreements identify Cross River Bank as the entity making the loans, but approximately 90% of the loans are sold to defendant and defendant's designees within two days of when the loans are made. *Id*., ¶¶ 25-26. Plaintiff further alleges that "Cross River Bank does not bear the predominant economic interest in such loans" because defendant pays the costs associated with the lending partnership and "Cross River Bank bears no risk that it will lose its principal in the event that consumers default." *Id*. at 5, ¶ 32. Therefore, plaintiff argues, defendant and the other loan purchasers are the "true lender[s]." *Id*. at 6, ¶ 33. Plaintiff alleges that a "primary purpose of Cross River Bank's involvement is to allow Marlette and other non-banks to circumvent state laws, including Colorado laws, that limit the interest rates and other finance charges that may be assessed." *Id*. at 4, ¶ 27.

On January 27, 2017, plaintiff filed a complaint against defendant in the District Court for the City and County of Denver, Colorado. Docket No. 3. On February 15, 2017, plaintiff filed an amended complaint. Docket No. 5. Plaintiff asserts three claims: (1) making excessive finance charges and delinquency charges in violation of Colo. Rev. Stat. §§ 201 and 203, respectively, (2) using choice of law provisions that identify the law of a state other than Colorado in violation of Colo. Rev. Stat. § 5-1-201(8), and

(3) charging a fee to process a request for an extension of a loan agreement in violation of Colo. Rev. Stat. §§ 5-2-201, 5-2-204. Docket No. 5 at 7-8. On March 3, 2017, defendant removed the lawsuit to this Court, claiming that "Section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d, completely pre-empts" plaintiff's claims and, therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1 at 2, ¶ 3 (internal quotation marks omitted). On March 27, 2017, plaintiff filed the current motion to remand, arguing that complete preemption does not apply to her claims against defendant because it is not a bank. Docket No. 25 at 2-3.

At about the same time that this lawsuit was initiated, plaintiff filed another action against a different non-bank entity, which was removed to federal court on March 9, 2017. *See Meade v. Avant of Colorado, LLC*, No. 17-cv-0620-WJM-STV, 2018 WL 1101672, at *1 (D. Colo. Mar. 1, 2018) ("*Avant*"). On March 1, 2018, Judge William J. Martínez accepted the recommendation of Magistrate Judge Scott T. Varholak that plaintiff's motion to remand in that action be granted and remanded the case to state court. *Id*. at *15; *see also* Docket No. 55-1 (Judge Varholak's recommendation filed as supplemental authority in this action).

## II. ANALYSIS

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If a civil action includes any claim "arising under" federal law, the "entire action may be removed." 28 U.S.C. § 1441(c). Defendant invokes the terminology and the case law surrounding the doctrine of "complete preemption" to claim this Court has federal

question jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff's state law claims.

As a general rule, the "plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). However, there are limits to this proposition. For example, "[u]nder the 'artful pleading' doctrine, . . . a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Schmeling*, 97 F.3d at 1339 (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). Outside of a few narrow exceptions, a claim that is stated in terms of state law "may be removed to federal court in only two circumstances – when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."[1] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal citation omitted). "Complete preemption" differs from the type of preemption often asserted as a defense. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "Complete preemption" exists where Congress chooses to "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins.*, 481 U.S. at 63-64. When a claim falls into one of these particular areas, "a plaintiff's state cause of action may be recast as a federal claim for relief, making its

---

[1] Certain statutes, such as the Price-Anderson Act, not only specifically grant federal courts jurisdiction over state-law claims, but also expressly provide for removal of such actions brought in state court even if they assert only state-law claims. *See Beneficial Nat'l Bank*, 539 U.S. at 6. However, the first category is not applicable to the present case.

removal by the defendant proper on the basis of federal question jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) (internal quotation marks and alteration marks omitted).

In *Beneficial Nat'l Bank*, the Supreme Court found that the National Bank Act, 12 U.S.C. § 85, completely preempts state causes of action governing the rates national banks may charge and, therefore, that such claims could be removed pursuant to 28 U.S.C. § 1441. 539 U.S. at 11. Neither the Supreme Court nor the Tenth Circuit Court of Appeals has ruled on whether the complete preemption doctrine applies to the FDIA, the statute relied upon by defendant. Courts are split on this issue in cases involving bank defendants. *See* Docket No. 55-1 at 10-11 (collecting cases). However, defendant is not a bank. "Courts in this Circuit and others have repeatedly held that when claims are asserted against a non-bank entity, complete preemption does not apply and remand to state court is warranted, even if the non-bank defendant has a close relationship with a state or national bank." *Id*. at 11 (citing *Dandy v. Wilmington Fin., Inc.*, 2010 WL 11493721, at *6 (D.N.M. May 3, 2010); *Flowers v. EZPawn Okla., Inc.,* 307 F. Supp. 2d 1191, 1195-96 (N.D. Okla. 2004); *Colorado ex rel. Salazar v. Ace Cash Exp., Inc.*, 188 F. Supp. 2d 1282, 1284-85 (D. Colo. 2002); *Cmty. State Bank v. Knox*, 850 F. Supp. 2d 586, 600-02 (M.D.N.C. 2012), *aff'd*, 523 F. App'x 925, 929-30 (4th Cir. 2013); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 296-97 (3d Cir. 2005); *Pennsylvania v. Think Finance*, Inc., 2016 WL 183289, at *13 (E.D. Pa. Jan. 14, 2016); *West Virginia v. CashCall, Inc.*, 605 F. Supp. 2d 781, 783-88 (S.D. W. Va. 2009)). The Court agrees that remand is appropriate for essentially the same reasons stated by

Magistrate Judge Varholak and Judge Martínez in their recommendation and order in *Avant*.

Defendant, who bears the burden of showing that the Court has jurisdiction, raises three arguments: (1) federal law completely preempts state law actions on loans issued by state-chartered banks, Docket No. 37 at 3, (2) plaintiff cannot avoid complete preemption by bringing suit against a non-bank entity, *id*. at 8, and (3) plaintiff's allegations that Cross River Bank is not the "true lender" of the loans does not affect the complete preemption analysis. *Id*. at 18.

As to the first argument, defendant claims that "Section 27 completely preempts the application of state interest-rate laws to limit rates charged on loans issued by a state-chartered bank." Docket No. 37 at 5. Defendant contends that this conclusion is compelled by the text of 12 U.S.C. § 1831d stating that the statute applies to "any loan or discount made" by banks covered under the statute. Docket No. 37 at 6. The Court rejects this argument and agrees instead with the courts holding that, even if complete preemption applies to claims brought against state-chartered banks, it does not apply to claims against non-bank entities. The statute at issue refers only to the lending powers of a "State bank or such insured branch of a foreign bank" and does not make any reference to non-bank entities. *See Avant*, 2018 WL 1101672, at *7 (rejecting a similar argument because the statutory "language governs what charges a 'State bank' may impose, but again, does not on its face regulate interest or charges that may be imposed by a non-bank, including one which later acquires or is assigned a loan made or originated by a state bank."). Even where courts have held, based on the text of the statute, that "§ 27 of the FDIA completely preempts state usury law claims against

6

state-chartered banks," those same courts have nevertheless concluded that the "FDIA does not apply to non-bank entities." *See CashCall, Inc.*, 605 F. Supp. 2d at 785 (citing *Discover Bank et al. v. Vaden*, 489 F.3d 594, 601 n.6 and at 606-07 (4th Cir. 2007), *rev'd on other grounds*, 556 U.S. 49 (2009)); *see also Knox*, 850 F. Supp. 2d at 598-99; *Ace Cash Express*, Inc., 188 F. Supp. 2d at 1285; Docket No. 55-1 at 15.

Second, defendant argues that plaintiff "cannot avoid complete preemption under Section 27 by bringing an action solely against Marlette because, at bottom, the action seeks to recover alleged overcharges of interest and fees on loans made by a federally insured, state-chartered bank on terms protected by Section 27." Docket No. 37 at 8. This argument is unpersuasive. As in *Avant*, plaintiff sufficiently alleges that defendant is the "true lender" because defendant "provides the website through which customers apply for the [Cross River Bank] Loans, [defendant] develops the criteria for making loans, [defendant] decides which applicants will receive the loans, and [defendant] (or its affiliates) purchases the loans within two days after they are made." *Avant*, 2018 WL 1101672, at *10; *see also* Docket No. 5 at 2, ¶ 7 ("Consumers can apply for and obtain Best Egg Loans via a website that is owned and operated by Marlette.") and at 5-6, ¶¶ 32-33. In circumstances where a plaintiff has sufficiently alleged that the non-bank entity is the true lender, courts have consistently come to the conclusion that complete preemption does not apply, "even if the non-bank entity worked closely with the bank to administer loans." Docket No. 55-1 at 16 (citing *Pennsylvania v. Think Finance, Inc.*, 2016 WL 183289, at *1, *13 (E.D. Pa. Jan. 14, 2016); *Dandy v. Wilmington Fin., Inc.*, 2010 WL 11493721, at *8 n.8 (D.N.M. May 3,

2010); *CashCall, Inc.*, 605 F. Supp. 2d 781, 787-88).

Finally, defendant argues that it is irrelevant whether defendant is the true lender under Colorado law and that, instead, federal law principles must determine responsibility for the loans initiated by Cross River Bank.  Docket No. 37 at 18-19.  As plaintiff correctly points out, these arguments are not relevant to the issues of complete preemption, which determine whether remand is warranted.  Docket No. 50 at 7-9.  In particular, defendant's discussion of *Sawyer v. Bill Me Later, Inc.*, 23 F. Supp. 3d 1359, 1369 (D. Utah 2014), is inapposite because it is not a removal case and does not discuss complete preemption.  *See Avant*, 2018 WL 1101672, at *9 (distinguishing *Sawyer*).  Moreover, defendant does not suggest that the other provisions of federal law it cites "so completely pre-empt a particular area that any civil complaint raising" the issue of who is the true lender "is necessarily federal in character."  *Metro. Life Ins.*, 481 U.S. at 63-64.  In fact, this Court has previously noted that "[c]ourts that have addressed the issue have found that [Truth In Lending Act]," on which defendant bases its argument, "does not completely preempt state-law claims."  *US Bank, N.A. v. Mayhew*, No. 09-cv-00779-PAB-CBS, 2009 WL 2169240, at *4 (D. Colo. July 17, 2009).  Thus, the Court will grant the motion to remand.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Docket No. 25] is **GRANTED**.  It is further

**ORDERED** that this matter is remanded to the District Court for the City and

County of Denver, Colorado, where the case was filed as case number 2017CV30376.

DATED March 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge